(139 App. Div. 636.)

HALL v. TEVIS.

(Supreme Court, Appellate Division, First Department. July 7, 1910.)

ATTACHMENT (§ 224*)—ACTION IN AID OF ATTACHMENT—NOTICE TO DEFENDANT.
     Where a creditor applies, under Code Civ. Proc. §§ 677, 678, for leave to bring an action in aid of attachment, and complies with all the provisions of both sections, the application should not be denied because notice of motion was not served on defendant, in the absence of special circumstances calling for notice, as the sections of the Code relating to such remedy do not require such notice.
     [Ed. Note.—For other cases, see Attachment, Dec. Dig. § 224.*]

Appeal from Special Term, New York County.
Action by William H. Hall against John Tevis. From an order denying a motion for leave to bring actions in aid of attachment, plaintiff appeals. Reversed, and motion granted.
Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.
Charles Coleman Miller, for appellant.
Holmes Jones, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SCOTT, J. This is an appeal from an order denying an application by an attachment creditor for leave to bring an action in aid of the attachment. The application is made under sections 677 and 678 of Code of Civil Procedure. The applicant has complied with all of the provisions of these sections, having given notice to the sheriff who levied the attachment and to a junior attaching creditor. The motion was denied, with leave to renew upon giving notice, not only to those above named, but also to the defendant. This amounts to imposing, as a condition of granting the motion, the prior service of notice upon the defendant, and it is this feature of the order which induces the present appeal.

We see no reason why such a condition should be imposed, and none is suggested by counsel. The Code does not require such notice, and while, under special circumstances, it might be proper to impose such a condition, no such special circumstances appear in the present case. The defendant is a nonresident, and it might well be that the appellant would find difficulty in making service of a notice. The Code provides that the attachment debtor may come in after suit is brought, and that seems to have been deemed sufficient to protect his rights.

Order reversed, and motion granted, with $10 costs and disbursements. All concur.